UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON EMILE GRAFT | CIVIL ACTION |
| VERSUS | NO. 08-4820 |
| TONY MICHAEL MASON, ET AL | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on motion to dismiss and motion to dismiss amended complaint filed by CMC Steel Fabricators, Inc. d/b/a CMC Capital Steel-Slidell ("CMC"). Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff was injured while working for CMC assisting his co-worker and defendant Tony Michael Mason ("Mason") park a truck. "As Mr. Graft was assisting this effort, Mr. Mason began to move the eighteen-wheeler and at that time heard a noise and stopped said vehicle. ... Mr. Mason existed the eighteen-wheeler and found that he had driven the vehicle over Mr. Graft's (sic) and/or his head." (Rec. Doc. 14, ¶¶ XI-XII). The plaintiff alleges that Mason and CMC were at fault in a number of respects "knowing that injury to Plaintiff was substantially certain to follow." (Rec. Doc. 14, ¶ XIII). The issue presented in these motions concerns whether these

allegations support an intentional tort for purposes of avoiding the exclusivity provided by La. Rev. Stat. § 23:1032.[1]  In its motion, CMC argues that the facts can not support the "substantially certain to follow" requirement for suit against an employer under Louisiana law based on intentional tort.  The plaintiff amended his complaint after the first motion to dismiss was filed, and argues that the allegations contained in the amended complaint are sufficient under notice pleading applicable in federal court, and also argues that discovery has not been undertaken.

In the case relied upon by the plaintiff, *DeBlanc v. International Marine Carriers, Inc.*, 748 So.2d 649 (La. App. 4th Cir. 1999), the Louisiana Fourth Circuit acknowledged the definition announced in *Bazley v. Tortorich*, 397 So.2d 475, 482 (La. 1981), that "[t]he meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did."  In *Bazley*, the Louisiana Supreme Court concluded that "[t]he pleadings do not express or imply that the co-employee garbage truck driver desired the consequences of his acts or omissions or that he believed the consequences were

---

[1] Section 1032 of the Louisiana Workers' Compensation Law provides that: Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury ... for which he is entitled to compensation under this Chapter shall be exclusive of all other rights, remedies and claims for damages ...

2

substantially certain to result from them." *Bazley* , 397 So.2d at 482. The intentional act exception has continued to receive a narrow construction from Louisiana courts. *Reeves v. Structural Preservation Systems,* 731 So.2d 208 (La. 1999). "Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." *Id.,* 731 So.2d at 212.

> "'Substantially certain to follow" requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.'" ... "{A}n employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the 'substantial certainty' requirement." ..."Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing."

*Id.,* 731 So.2d at 213. "Our courts of appeal have likewise narrowly construed the intentional act exception according to its legislative intent and have almost universally held that employers are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment." *Id.,* 731 So.2d at 212.

Turning to the allegations of the amended complaint, the plaintiff alleges that Mason was at fault in "failing to see what he should have seen," "operating a vehicle without proper or working safety equipment," failing to keep the vehicle he was operating under proper control," "attempting to proceed when he knew it was unsafe

3

to do so,""attempting to proceed when he knew that Plaintiff could not hear or see him," blatant disregard for the Plaintiff's safety," failing to stop and/or maneuver the eighteen-wheeler he was driving in time to prevent the collision," all of which was done knowing that injury to the plaintiff was "substantially certain" to follow." (Rec. Doc. 14, ¶ XIII).[2]

Similarly, the plaintiff alleges in the amended complaint that CMC "knew that the area was not properly lighted but required its employees to work in/under inadequate lighting," "allowed the operating of an eighteen wheeler known to have improper safety equipment,"and "knew that Mr. Graft could not hear, was working in the dark and could not be seen from the cab of the vehicle in question but CMC Steel supervisor required personnel to operate the vehicle," all knowing that an injury would be "substantially certain" to occur. (Rec. Doc. ¶ XVIII).

There appears to be agreement that the amended complaint would not survive scrutiny in state court. CMC relies heavily on *Musacchia v. Sanderson Farms, Inc.*, 2001 WL 515251 (E.D.La.), in which Judge Barbier remanded based on the failure of the defendant to show that "there was any possibility" that the plaintiff could establish a cause of action against the non-diverse co-employee of the plaintiff. Here, the

---

[2] The Court recognizes that Mason has not made an appearance and that the motion is brought on behalf of CMC only.

applicable standard derives from Fed. R. Civ. P. 12(b)(6).

> We must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff. ... nevertheless, "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."

*Central Laborers' Pension Fund v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007 (citations omitted).

> To survive a Rule 12(b) (6) motion to dismiss, a complaint "does not need detailed factual allegations," but must provide the plaintiff's grounds for entitlement to relief- - including factual allegations that when assumed to be true "raise a right to relief above the speculative level." ... Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" ...

*Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007)(citations omitted).

Here, the plaintiff did state and restate the phrase "substantially certain to follow" in his amended complaint. The use of those words alone, however, does not transform any set of facts into an intentional tort and does not provide protection against a well-founded motion to dismiss. Instead, the alleged predicate acts of fault attributable to CMC can not make the legal connection to "substantially certainty." The injury was sustained when the plaintiff and defendant were trying to park a truck under allegedly unsafe conditions; those facts do not support the finding that "the

5

defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did" for purposes of Louisiana law. These allegations are representative of the variety that has been tested and rejected since the truck accident in *Bazley*.

> Louisiana courts have distilled four situations that almost universally do not form the basis of an intentional tort: failure to provide a safe place to work, poorly designed machinery, failure to follow OSHA safety provisions, failure to provide requested safety equipment, and failure to correct unsafe working conditions.

*Rosales v. Bunzzy's Enterprise Realty, L.L.C.*, 2008 WL 754856 (E.D.La.)(J. Fallon).

Accordingly,

IT IS ORDERED that the motion to dismiss filed by CMC Steel Fabricators, Inc. d/b/a CMC Capital Steel-Slidell is GRANTED. (Rec. Doc. 9).

IT IS FURTHER ORDERED that the motion to dismiss amended complaint filed by CMC Steel Fabricators, Inc. d/b/a CMC Capital Steel-Slidell is GRANTED. (Rec. Doc. 17).

New Orleans, Louisiana, this 19th day of March, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE